```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
NEW YORK CITY & VICINITY DISTRICT
COUNCIL OF CARPENTERS,

                Petitioner,

    -against-                              MEMORANDUM AND ORDER

                                           15-CV-4462 (KAM)(JO)
GOLDEN DEVELOPMENT & CONSTRUCTION
CORPORATION,

                Respondent.
----------------------------------------X
```
**MATSUMOTO, United States District Judge:**

On July 30, 2015, petitioner New York City & Vicinity District Council of Carpenters ("Council of Carpenters") commenced this action pursuant to the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, to confirm an arbitration award issued against respondent Golden Development & Construction Corporation ("Golden Development"). (ECF No. 1, Petition ("Pet.").)  Golden Development was served with process through the New York Secretary of State on August 4, 2015 and by personal service on August 25, 2015 (ECF Nos. 5, 6), but has failed to answer or otherwise respond to the Petition.  On October 30, 2015, the Clerk of Court entered a default against respondent.  (ECF No. 8.)  Presently before the court is petitioner's motion for entry of a default judgment.  (ECF No. 11.)  For the following reasons, the arbitration award is

confirmed and the motion for entry of a default judgment is granted.

## Factual Background

Petitioner is a labor organization within the meaning of Section 2(5) of the Labor Management Relations Act ("LMRA"), 29, U.S.C. § 152(5). (Pet. ¶ 1.) Petitioner alleges that Golden Development is a business corporation with its principal place of business in Brooklyn, New York and an employer within the meaning of Section 2(2) of the LMRA. (*Id.*)

On July 1, 2001, the Council of Carpenters and Golden Development entered into a collective bargaining agreement (the "CBA") effective beginning August 15, 2007. (Pet., Ex. A.) The CBA sets forth, *inter alia*, agreed-upon wage rates, benefits for employees covered by the CBA, and a method for dispute resolution. (*Id.*) Section XII of the CBA provides for final and binding arbitration of disputes that arise between the parties and specifies arbitrators eligible to hear such disputes. (*Id.* at 32-33.) The CBA also states that "[t]he costs of the arbitration, including the arbitrator's fee shall be borne equally by [Golden Development] and [Council of Carpenters]." (*Id.* at 33.)

Petitioner alleges that Golden Development violated the CBA by failing to notify the Council of Carpenters of a job that became available at the Manhattan Center for Math from

2

December 26, 2012 to January 16, 2013. (Pet. ¶ 7, Ex. C.) In response to the alleged violation, petitioner delivered to Golden Development a written demand to arbitrate the grievance and a notice of an arbitration hearing to be held on May 19, 2014 in New York, New York. (Pet. ¶ 7, Ex. B.) Golden Development failed to appear at the May 19, 2014 arbitration hearing, which took place before an arbitrator designated in the CBA. (*Id.* ¶ 8.) The arbitrator, after finding that Golden Development had legally sufficient notice of the arbitration and of the claim against it, proceeded to hear testimony and take evidence. (*Id.*)

On July 29, 2014, the arbitrator issued a default award ("Award") in favor of the Council of Carpenters, finding that Golden Development violated the CBA and directing Golden Development to pay the Council of Carpenters $4,799.50 for wages, $4,043.52 for benefits, and $950 for Golden Development's half of the arbitrator's fee. (*Id.* at Ex. C.) The Award also directed that Golden Development would have to pay the Council of Carpenters's attorneys' fees in the event the Council of Carpenters "is required to enforce the terms of this award in court." (*Id.*) A copy of the Award was sent to Golden Development by certified mail (*id.*), but Golden Development has not satisfied any part of the Award to date. (ECF No. 11-1, Affidavit of Lydia Sigelakis ("Sigelakis Affidavit") dated

3

11/5/2015 at ¶ 8.)  The Award has not been vacated or modified, and no application for such relief is pending.  (*Id.*)

## Discussion

**A.   Legal Standard**

"Because arbitration awards are not self-enforcing, they must be given force and effect by being converted to judicial orders by courts; these orders can confirm and/or vacate the award, either in whole or in part."  *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 104 (2d Cir. 2006) (internal quotation omitted).  Where, as here, a defendant fails to appear, a motion to confirm an award and the accompanying record should be "treated as akin to a motion for summary judgment based on the movant's submissions."  *Id.* at 109.  Because the court will treat petitioner's motion for a default judgment as a motion for summary judgment, it has considered petitioner's pleadings, declarations, affidavits, and other documentary evidence annexed to the motion.

**B.   Confirmation of the Award**

Confirmation of an arbitration award "is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court."  *D.H. Blair*, 462 F.3d at 109 (quoting *Florasynth, Inc. V. Pickholz*, 750 F.2d 171, 176 (2d Cir. 1984)).  As a result, "arbitration awards are subject to very limited review in order to avoid undermining the twin goals

of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation." *Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp.*, 103 F.3d 9, 12 (2d Cir. 1997) (internal quotation and citation omitted). "Only a barely colorable justification for the outcome reached by the arbitrator is necessary to confirm the award." *D.H. Blair*, 462 F.3d at 111 (internal quotation omitted). "It is only when the arbitrator strays from interpretation and application of the agreement and effectively dispense[s] his own brand of industrial justice that his decision may be unenforceable." *Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 509 (2001) (internal quotation omitted); *see also STMicroelectronics, N.V. v. Credit Suisse Sec. (USA)*, 648 F.3d 68, 74 (2d Cir. 2011) ("the showing required to avoid confirmation is very high").

The record before the court supports confirmation of the Award and entry of judgment against Golden Development. The CBA was effective during the period of the alleged violation, and the Council of Carpenters submitted the dispute to arbitration in accordance with the terms of the CBA. Section XII of the CBA expressly grants the arbitrator "the right to conduct an ex-parte hearing in the event of the failure of either party to be present at the time and place designated for the arbitration" and "the power to render a decision based on

5

the testimony before him at such hearing." (Pet., Ex. A.) The arbitrator heard testimony and took evidence on petitioner's claims and found that Golden Development "violated the Collective Bargaining Agreement when it failed to notify the [Council of Carpenters] of a job at the Manhattan Center for Math . . . from 1/26/2012 thru 1/16/2013." (Pet., Ex. C.) There is no evidence that the arbitrator acted arbitrarily or contrary to law, exceeded his authority, or that the Award was subsequently vacated, corrected, or otherwise modified. Accordingly, the Award against Golden Development is confirmed in the amount of $4,799.50 in wages, $4,043.52 in benefits, and $950 for Golden Development's half of the arbitrator's fee.

**C. Attorneys' Fees and Costs**

In addition to confirmation of the Award, the Council of Carpenters seeks an award of the attorneys' fees and costs incurred to bring the Petition. Both the CBA and the Award provide for such a remedy. Under the terms of the CBA, "[u]pon the confirmation of the arbitrator's award, the prevailing party shall . . . be entitled to receive all courts costs in each proceeding as well as reasonable counsel fees." (Pet., Ex. A.) The Award provides that if the Council of Carpenters "is required to enforce the terms of this award in court, [Golden Development] will be liable to pay the [Council of Carpenters'] related attorneys' fees in the amount of Two Thousand Five

6

Hundred & 00/100 dollars ($2,500)." (Pet., Ex. B.) Petitioner seeks an award of $1,261.00, which represents the total amount of fees and costs incurred to bring the Petition. (*See* Sigelakis Aff. ¶ 7.)

A court may calculate reasonable attorneys' fees either by determining the so-called "lodestar" amount or by awarding a fixed percentage of the settlement amount. *See McDaniel v. Cty. Of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010). Under the lodestar method, the court must determine the lodestar, "the product of a reasonable hourly rate and the reasonable number of hours required by the case – [which] creates a presumptively reasonable fee." *Millea v. Metro-North R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (internal quotation and citation omitted). The court determines the "presumptively reasonable fee" by considering the hourly rate that a "reasonable, paying client would be willing to pay." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany and Albany County Bd. of Elections*, 522 F.3d 182, 183-84 (2d Cir. 2008). Generally, those rates are the hourly rates in "the district in which the court sits" for "similar services by lawyers of reasonably comparable skill, experience, and reputation." *Reiter v. MTA New York City Transit Auth.*, 457 F.3d 224, 232 (2d Cir. 2006) (internal quotation and citation omitted). The second step in the lodestar method is

7

"determining the reasonable number of hours expended by plaintiff's counsel in th[e] litigation." *Marshall v. Deutsche Post DHL*, No. 13-cv-1471, 2015 WL 5560541, at *11 (E.D.N.Y. Sept. 21, 2015).

Petitioner's counsel, Lydia Sigelakis, has submitted contemporaneous billing records and invoices reflecting 2.9 hours of work performed for this matter at a rate of $250 per hour. (Sigelakis Aff., Ex. 4.) According to her affidavit and the website of her law firm, Spivak Lipton LLP, Ms. Sigelakis was an associate with more than ten years of experience when she filed the instant motion. (*Id.*) Ms. Sigelakis's hourly rate is within the range of rates generally charged by similarly experienced attorneys' in this district, which varies from "$100 to $295 per hour for associates." *Trustees of Empire State Carpenters Annuity, Apprenticeship, Labor-Mgmt Coop. Pens & Welfare Funds v. FMC Constr.*, 2014 WL 1236195, at *11 (E.D.N.Y. Mar. 25, 2014). Accordingly, based on Ms. Sigelakis's experience and efficient resolution of this matter, petitioner's attorney's fees are reasonable.

With respect to costs, petitioner seeks reimbursement for the court's $400 filing fee and $136 for a process server's fee. Courts typically award "those reasonable out-of-pocket expenses incurred by the attorney and which are normally charged fee-paying clients." *Reichman v. Bonsignore, Brignati &*

*Mazzotta P.C.,* 818 F.2d 278, 283 (2d Cir.1987) (citation omitted). The court concludes that petitioner's $536 in costs are reasonable and justified by appropriate supporting documentation.

**D.     Pre-judgment Interest**

Petitioner also seeks prejudgment interest on the Award. The decision whether to grant prejudgment interest on arbitration awards is left to the district court's discretion. *See Serv. Emp. Int'l Union, Local 32BJ v. Stone Park Assoc., LLC*, 326 F. Supp. 2d 550, 555 (S.D.N.Y. 2004). In the Second Circuit, there is "a presumption in favor of pre-judgment interest" for arbitration awards. *Waterside Ocean Navigation Co. v. Int'l Navigation Ltd.,* 737 F.2d 150, 154 (2d Cir.1984). District courts in the Second Circuit "have exercised their discretion to award prejudgment interest when confirming arbitration awards under collective bargaining agreements pursuant to § 301 of the LMRA, when the CBAs indicated that an arbitration award was 'final and binding.'" *Local 32BJ*, 326 F. Supp. 2d at 555; *see also Building Material Teamsters Local 282 v. A Star Business Servs. of New York*, No. 11-cv-4646, 2012 WL 3568262, at *6 (E.D.N.Y. May 30, 2012) (awarding prejudgment interest on "final and binding" arbitration award brought pursuant to the LMRA).

The LMRA does not provide a prejudgment interest rate. However, "[i]n awarding interest, a court may look to state law to determine an appropriate rate." *Lanzafame v. Dana Restoration, Inc.,* No. 09-CV-873, 2011 WL 1100111, at * 4 (E.D.N.Y. Mar.22, 2011). The "common practice" among courts within this Circuit is to grant interest at a rate of 9% per annum under New York State law. *See Local 32BJ*, 326 F. Supp. 2d at 555-56 (S.D.N.Y. 2004) (citing N.Y. C.P.L.R. §§ 5001-04)); *see also New York City Dist. Council of Carpenters Pension Fund v. E. Millenium Const., Inc.*, No. 03-cv-5122, 2003 WL 22773355, at *3-4 (S.D.N.Y. Nov. 21, 2003) (awarding pre-judgment interest at 9% rate in action to confirm an LMRA arbitration award); *Maney v. United Sanitation, Inc.,* No. 99-cv-8595, 2000 WL 1191235, at *6 (S.D.N.Y. Aug.21, 2000) (same).

Here, Section XII of the CBA provides that the arbitrator's decision "shall be final and binding upon both parties and may be entered as a final decree or judgment . . . in a court of appropriate jurisdiction." (Pet., Ex. A.) Because the arbitration award is "final and binding," the court will award prejudgment interest on the unpaid wages and benefits portions of the Award at rate of 9% per annum from the date of the Award through the date of judgment.

## Conclusion

For the foregoing reasons, the July 29, 2014 arbitration Award is confirmed. Petitioner is awarded judgment against respondent in the amount of $9,793.02, plus attorneys' fees and costs in the amount of $1,261.00, and pre-judgment interest on $8,843.02 in unpaid wages and benefits at the rate of 9% per annum from July 29, 2014 through the date of judgment. Petitioner is ordered to serve a copy of this Memorandum and Order upon respondent and note service on the docket. The Clerk of Court is respectfully requested to enter judgment in accordance with this Order and close this case.

**SO ORDERED.**

Dated:     August 22, 2016
           Brooklyn, New York

                                   /s/
                                  KIYO A. MATSUMOTO
                                  United States District Judge
                                  Eastern District of New York